## Steele *versus* Hull.

1. A sheriff's deed was offered in evidence and the record of its acknowledgment. It was objected that the deed, though acknowledged, had not been executed and that the record of the acknowledgment was only secondary evidence, not admissible without proving the loss of the deed : *Held*, that it was not error to admit the record where, as here, the deed was produced and offered in evidence and any irregularity in the execution was cured by the acknowledgment.

2. Per SHARSWOOD, C. J.—"What the irregularity was does not appear, as we have not been furnished with a copy of the deed which of itself would be a sufficient reason for disregarding this assignment of error, as it is the settled rule of practice in this court never to reverse for the admission or rejection of a written document, a copy of which is not spread upon the paper book."

October 21st 1880.　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Jefferson county :* Of October and November Term 1880, No. 22.

Trespass by B. F. Hull and wife, for the use of said wife, against William P. Steele, sheriff.

The facts are sufficiently stated in the opinion of this court.

The trial was before McDermitt, P. J., of the Thirty-fifth Judicial District, holding a special court.

*Jenks & Clarke* and *White & Scott*, for plaintiff in error.—The deed offered in evidence showed no execution by the sheriff, and the acknowledgment could have no effect. Proof of the acknowl-

14 NORRIS—32

edgment, without proof that the deed was lost, could not be received when it was admitted that the deed offered was the one delivered in pursuance of the sale.

*R. Arthurs* and *Stewart & Martin*, for defendants in error.— The purchase-money was paid to the sheriff, the sale confirmed, and the deed acknowledged and delivered, as shown by the record of the court. The sheriff's vendee, therefore, acquired a title by the purchase, even if the deed had not been acknowledged: Bellas *v*. McCarty, 10 S. & R. 21 and 40. In Steever *v*. Rice, 2 Whart. 21, it was held that where the money was coming to the vendee, he acquired a right to the property without having obtained a deed at all from the sheriff. A fatal effect is not to be ascribed to an inaccuracy in a sheriff's deed, and should not operate to defeat proceedings regular in every respect: Hinds *v*. Scott, 1 Jones 26. The provisions of the Act of Assembly relating to executions of sheriffs' deeds are directory, and after a deed is acknowledged and delivered to the purchaser, it is presumed they have been complied with: Stroble *v*. Smith, 8 Watts 280.

Chief Justice SHARSWOOD delivered the opinion of the court, November 1st 1880.

This was an action of trespass brought by husband and wife against the sheriff of Jefferson county for seizing and selling certain timber, alleged to be the property of the wife, on an execution against the husband. The title of the wife to a part of this timber was a purchase from Orr & Blood by the wife, as to which the charge of the court and the verdict of the jury were in favor of the plaintiff in error, and as to that he has no ground of complaint. The residue for the value of which the verdict was for the plaintiff below was shown to have been cut from a tract given to the wife by her father and of which she and her husband were in possession. This home lot, as it was called, had been purchased by the wife's father at a sheriff's sale on an execution against the husband. The name of the wife's father was William Simpson. This brief statement is sufficient to explain the several assignments of error which are now to be considered.

The first assignment is to the admission in evidence of the sheriff's deed to Simpson and the record of its acknowledgment. The objection, as we understand it, was that the deed, though acknowledged, had not been executed, and it is said that the record of the acknowledgment was only secondary evidence, not admissible without proving the loss of the deed. The law may be so: Lodge *v*. Berrier, 16 S. & R. 296; but see Stonebraker *v*. Short, 8 Barr 155. Here, however, the deed was produced and offered in evidence, and any irregularity in the execution was cured by the acknowledgment. What the irregularity was does not

[Steele *v.* Hull.]

appear, as we have not been furnished with a copy of the deed, which of itself would be a sufficient reason for disregarding this assignment, as it is a settled rule of practice in this court never to reverse for the admission or rejection of a written document, a copy of which is not spread upon the paper book.

The second assignment is, that the court refused to affirm the defendant's fifth point, that if there was a wilful confusion of lumber cut from the home lot with the lumber cut from the Orr lot, the verdict should be for the defendant. There was no evidence of any wilful confusion by the wife, and this point was therefore rightly refused.

The third assignment was to the refusal to affirm the defendant's sixth point, which was based upon the assumption of a sale by the wife to David White. There was some evidence of a transfer to White, but the same evidence showed that there was no sale to him, but the paper was executed only as authority to him as the agent of the wife to run the lumber to market. Such being the case his taking possession of the rafts and marking his name on the lumber could not affect her title.

The fourth assignment was abandoned on the argument.

The fifth assignment is to that portion of the charge which directed the jury to find a verdict for the plaintiffs below for the timber cut on the home lot.

There was no evidence to impeach the gift of Simpson to his daughter Jane Hull. No creditor of his was complaining. The title was indubitably in her to the lot, and of course to the timber which had grown upon it. Any fraud actual or legal in the transaction as to the Orr timber was entirely irrelevant, and it would have misled the jury if they had been instructed to take it into consideration. Some remarks were made in the argument as to the instruction given to the jury on the measure of damages, but no exception was taken and there is no assignment of error as to that. If there had been we see no evidence that Jane Hull was the purchaser at the sheriff's sale so as to vary in any respect the general rule.

Judgment affirmed.